UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ASHA AND KIRIT PATEL, Individually　　　　　　　　　　　　　　　PLAINTIFFS
And as Parents and Next Friends of
A[Redacted] P[Redacted]

v.　　　　　　　　　　　　　　　　　CIVIL ACTION NO. __1:15CV-00097-JHM__

BOWLING GREEN – WARREN COUNTY PRIMARY
HEALTH CENTER, INC., d/b/a
FAIRVIEW COMMUNITY HEALTH CENTER, et al.　　　　　　　　　DEFENDANTS

### NOTICE OF REMOVAL BY THE UNITED STATES OF AMERICA

The United States of America, by counsel, on behalf of defendant Bowling Green – Warren County Primary Health Center, Inc., d/b/a Fairview Community Health Center ("Fairview"), respectfully represents:

1. In June 2015, the plaintiffs filed this action in the Warren Circuit Court, Division II, Civil Action No. 15-CI-00685, against defendant Fairview. A copy of the summons and complaint accompanies this Notice as Exhibit 1.

2. The complaint alleges claims against defendant Fairview for acts and/or omissions relating to medical care and treatment provided to plaintiff in August 2014 and thereafter. (See Exhibit 1). At the time of the incidents alleged in the complaint, Fairview was an entity receiving federal grant money from the United States Public Health Service pursuant to 42 U.S.C. §§ 254b, 254c, 256, or 256a. Pursuant to 42 U.S.C. § 233(h), the United States Department of Health and Human Services has deemed Fairview to be a government employee only for purposes of coverage under the Federal Tort Claims Act, 28 U.S.C. § 2571, et seq., effective for acts and omissions on and after January 1, 2103. (See deeming letters and related documents, attached

hereto as Exhibit 2).

3. The Attorney General of the United States, by United States Attorney John E. Kuhn, Jr., under authority of 28 C.F.R. § 15.4, and pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(c), has certified that named federal defendant Fairview was an entity receiving federal grant money receiving federal grant money from the United States Public Health Service pursuant to 42 U.S.C. §§ 254b, 254c, 256, or 256a; and that accordingly Fairview is deemed an employee of the United States for Federal Tort Claims Act purposes only, for any acts or omissions that occurred on or after January, 2013. (A copy of said certification is attached hereto as Exhibit 3).

4. Both 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) provide that upon certification by the Attorney General or his designee, any civil action or proceeding commenced in a state court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place in which the action or proceeding is pending, and that the action or proceeding shall be deemed to be an action or proceeding against the United States under the provision of Title 28 and all references thereto.

5. This entry of appearance by the United States on behalf of the named federal defendant is solely for the purpose of removal and is not intended to admit or waive any defenses, including, but not limited to those defenses of Fed. R. Civ. P. 8 and 12, relating either to the United States of America, or any agency or department thereof, or any individual defendant, in their official or individual capacity, to the allegations alleged in the complaint.

6. Defendant Fairview is entitled to official immunity from suit under the Federal Tort Claims Act. *See* 28 U.S.C. § 2679. Said immunity is a federal defense which provides a basis for removal pursuant to 28 U.S.C. § 1442(a)(1). *Mesa v. California*, 489 U.S. 121, 133 (1989). Further, this federal defendant is entitled to have the United States of America substituted as the proper party defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (P.L. 100-694). In addition, and strictly subject to the provisions of paragraph 5 above, the named federal defendant, and the United States, deny the allegations in the complaint.

Accordingly, the United States requests removal of the above-styled action to the United States District Court pursuant to 28 U.S.C. §§ 1442, 1446 and 2679.

WHEREFORE, the United States, by counsel, notices the removal of the above-styled action, now pending in the Warren Circuit Court, Warren County, Kentucky, to this Court.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

*/s/ Brady Miller*
Brady Miller
Assistant U.S. Attorney
717 W. Broadway
Louisville, Kentucky 40202
(502) 582-5166; FAX 625-7110
brady.miller@usdoj.gov